CELIA HASTINGS, BY HER NEXT FRIENDS, JOSEPH HAST-INGS AND BELLA HASTINGS, AND JOSEPH HASTINGS AND BELLA HASTINGS, INDIVIDUALLY, PLAINTIFFS-RESPONDENTS, v. FORT LEE OPERATING COMPANY, INCORPORATED, DEFENDANT-APPELLANT.

Submitted October 25, 1935—Decided January 31, 1936.

For the appellant, *Edwards, Smith & Dawson.*

For the respondents, *Harber & Freesman.*

The opinion of the court was delivered by

DONGES, J. Respondents had judgments for injuries and consequential damages resulting from the alleged negligence of appellant in the maintenance of a "Dodge'em" car at the Palisades Amusement Park at Fort Lee.

Respondent Celia Hastings, then thirteen years of age, was a patron of the "Dodg'em" on June 30th, 1932, and suffered personal injuries by reason of getting her hand caught in moving gears of the car in which she was riding while reaching behind the seat for her pocketbook. She testified that she got into a car and took a ride, then stepped out and had a companion get into the car she vacated for a ride, and that she

got into another car and proceeded to take another ride. She further testified that, to enter the car, "you slip like in through the side, and then you face frontwards;" that "I was riding around, and, I thought it was near the finish, and so I looked for my pocketbook, which I had on my lap when I begun, and it wasn't there, so I went like that [illustrating] to find my pocketbook, and before I knew anything my hands were caught fast;" "just like this I went; you know, down further than my body, like the side; I felt the cushion and——." Her examination continued: "*Q.* Was it enclosed or was there an opening? *A.* I didn't know that there was an opening, but there was, I later found out, after. *Q.* There was an opening? *A.* Yes. *Q.* Did you put your hand through the opening—or did you—the way you placed your hand, was it still within the 'Dodg'em' itself? *A.* I didn't know that there was an opening, and I put my hand down, and then my fingers were caught fast." She testified that she did not disturb the seat, and that the gears were not exposed by any act of hers.

Respondent's companion testified that after the occurrence the seat was misplaced about four or five inches, and that there was no covering over the gears.

The mechanic who looked after the maintenance of the cars testified: "In order to lift the cushion, the average, you had to pry it up with either a large screw driver or a sharp instrument that you could just pry it up so you can grab hold of it to pull it out. Of course, weather changes the seats. or the climate really changes, damp days. It may be tighter or looser, just a fraction, but you would have to really force it to pull it up, on an average." He also testified that he had never known a seat to be loose enough to come out from the movement of the car; that on the day in question every car was inspected during the period of operation; that he "touched every car." He further said "you get so that between rides you watch different cars, different numbers, and you will go around lifting up the seats. Always carry a big screw driver with me. You really have to pry them up to get them out;" that the gears were covered only by the seat; and that the seat "can't loosen up unless it gets a bang that it would

smash more than the seat;" "It would have to smash pretty near the whole thing up."

Another witness testified that immediately after plaintiff's injury be observed that the seat was moved forward about four or five inches.

The grounds of appeal are (1) that the trial court abused its discretion in refusing to grant a mistrial because of a statement by plaintiff's attorney in his opening; (2) refusal to nonsuit, and (3) refusal to direct a verdict for defendant.

The attorney for plaintiffs in opening the case stated that subsequent to the occurrence in question the cars were provided with a sheet metal covering over the gears, and that there were "Dodg'em" cars so constructed. Motion for mistrial was made and denied, the court saying that he would instruct the jury to disregard "that part of counsel's opening unless it can be connected up in a legal manner." In his charge he told the jury that there was no evidence of improper construction and that the case rested entirely on the question of maintenance. We think there was no abuse of discretion in the refusal to grant the motion for a mistrial.

The second and third grounds of appeal may be dealt with together. The motions were based upon the claim that there was no evidence of negligence on the part of defendant. We conclude that there was a question of fact raised by the testimony, because it was open to the jury to find from the testimony that the seat had been left in a condition that exposed the gears, and that in not seeing to it that the seat was properly placed over the gears, when plaintiff was invited to enter the car, the defendant was guilty of negligence.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 13.

*For reversal*—None.